PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ALLEN RILEY, | ) | |
| | ) | CASE NO. 1:17 CV 1015 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

### I. Introduction

*Pro Se* Petitioner Michael Allen Riley has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). The Petition (ECF No. 1) indicates he is detained in the Cuyahoga County Jail, awaiting trial in a state criminal case. *See State of Ohio v. Riley*, No. CR-16-608045-A (Cuyahoga Cty., Ohio Common Pleas filed July 20, 2016). According to the online docket sheet for that case, (1) Petitioner has been charged with multiple felony counts, including aggravated murder[1] and (2) the pretrial held on May 3, 2017 was continued at the request of Petitioner due to "ongoing discussions between Defense counsel and the State."

Petitioner asserts that the pretrial and trial dates in his criminal case "keep[ ] getting postponed without legitimate reasons or knowledge/consent to do so," and he claims his continued detention violates his constitutional right to a speedy trial. ECF No. 1 at PageID #: 8.

---

[1] This count contains a one-year firearm specification under Ohio Rev. Code § 2941.141(A), a three-year firearm specification under Ohio Rev. Code § 2941.145(A), and a five-year "drive-by shooting" firearm specification under Ohio Rev. Code § 2941.146(A).

(1:17 CV 1015)

He seeks immediate release from custody or, in the alternative, an order requiring he be provided suppression and evidentiary hearings "as well as dismissing" his criminal case with prejudice. ECF No. 1 at PageID #: 8. He indicates he has asserted his claims in state court, but that his motions remain pending. ECF No. 1 at PageID #: 2, ¶ 7; 6, ¶ 12.

## II. Standard of Review

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack of merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.*

## III. Analysis

Upon review, the Court finds the Petition (ECF No. 1) must be summarily dismissed.

Although a state pretrial detainee may bring a federal habeas corpus action under § 2241 to demand a speedy trial, he may not seek pre-conviction habeas corpus relief to request that state charges be dismissed altogether, as Petitioner purports to do here. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). *See also Humphrey v. Plummer*, 840 F. Supp.2d 1040, 1043-44

(1:17 CV 1015)

(S.D. Ohio 2011). Furthermore, comity concerns require federal courts to abstain from exercising jurisdiction over pre-conviction habeas corpus petitions "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546. Comity concerns require abstention here. Pursuant to the Supreme Court's decisions in *Braden* and *Atkins*, a petitioner must fully exhaust his speedy trial claims through procedures available to him in the state courts, and the state courts must be given an opportunity to resolve his claims. *Braden*, 410 U.S. at 489; *Atkins*, 644 F.2d at 546.

### IV. Conclusion

Accordingly, the Petition (ECF No. 1) is denied and this case is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

July 28, 2017            */s/ Benita Y. Pearson*
Date            Benita Y. Pearson
           United States District Judge